Johnson, J.
In this case, as in most others of the same character, various minutice are mixed up with the important facts, which serve rather to embarrass than elucidate : divested of these, this cause lies in a very narrow compass. In contemplation of a marriage between the complainant, Mrs. Kinloch, and her husband, Frederick Kinloch, a marriage contract was entered into, to which the intended husband and Thomas Lowndes, the father of Mrs. Kinloch, and the defendant, Jacob Bond I’On, and Cleland Kinloch, as trustees, were parties. By this contract, Thomas Lowndes covenants to advance £3,000 to Frederick Kinloch, the intended husband, to be invested by him in property and conveyed to the trustees, for the uses and trusts declared in the contract (for Frederick Kinloch and wife, for life, and then to the issue of the marriage). Thomas Lownes paid the £3,000 to Frederick Kinloch, and he invested a part thereof, (according to the statement in the bill, about §11,100, and, according to his answer, §1,265) in lands, and procured the title deeds to be executed by the persons of whom he purchased, directly to the trustees, Jacob Bond I’On and Cleland Kinloch. These deeds do not set out the object, or declare the trusts, but are general. Frederick Kin-loch afterwards sold these lands, and procured the trustees to join in a deed to the purchaser, and he received and squandered the proceeds, and is now insolvent; and the object of the bill is to compel an account from the trustees of this fund, and that they may reimburse the trust estate, the sum laid out in the purchase of lands.
One ground of defence common to all the defendants, is, that the trustees had not done any act, making themselves liable, because the property never had been conveyed to them, as trustees under the settlement. An agreement had been entered into between Thomas Lowndes, Frederick Kinloch, and his ^father, Francis Kinloch, in which, among other things, Thomas Lowndes undertakes, in consideration that Francis Kinloch would make a bond to Col. I’On, for §15,000 as trustee to the use of Frederick Kinloch and wife, to indemnify him (Francis Kinloch) against, his guaranty under the marriage settlement; and it is insisted, that the liability of the trustees to account is discharged by this contract. Jacob Bond I’On lived at a distance, and had no agency in the investment of the fund, nor did he, in any manner, interest himself concerning the trusts, except to join in the conveyance of the land in pursuance of the sale made by Frederick Kinloch, and on that account it is insisted in his behalf, that he is not liable. The trust reposed in Frederick Kin-loch by the deed of settlement, was that he should invest his wife’s portion in property, and procure the same to be vested in the trustees, to the use *133 of tbe settlement: this was so far fulfilled, that the lands purchased were vested in the trustees, but the conveyances are defective in not setting out and declaring the uses. Courts of Equity, it is said, have from a very early period, taken upon them the power to supply the defective execution of powers, as a cherished branch of equity jurisdiction. 1 Mad. Ch. 53-4. It is said, too, that it is a rule in equity that if one comes into possession of trust property with notice of the trust, he shall be considered as a trustee, and with respect to that property, bound to the execution of the trust, 2 Mad. Ch. 125.
Now, it is not pretended that either of the trustees were ignorant of the true object of the conveyances to them ; indeed all the circumstances conspire to show that they could not be, and the legal estate was in them. The Court of Equity would therefore have either supplied the execution of the trust confided to Frederick Kinloeh, or enforced a declaration of the uses in conformity to the trusts. By the conveyance to the purchaser from Frederick Kinloeh, the trustees have parted with their dominion over the property, and by suffering Frederick Kinloeh' to dissipate the proceeds, so much has been lost to the trust estate, and upon every principle of equity, they are responsible. I cannot perceive how the contract between Thomas Lowndes, Francis Kinloeh *and Frederick Kinloch, can in any way influence the determination of the Court. In the first place, it is not apparent that it had for its object the indemnity of the trustees against this liability ; but supposing it had, that would not discharge them, for Thomas Lowndes had no authority to release them — he was not himself beneficially interested in the trust estates. By joining in a conveyance of the land, Jacob Bond I’On contributed to put the fund in the power of Frederick Kinloeh, who has wasted it: and on that ground he is liable. His not having otherwise intermeddled with the estate, so far from being a merit, is a violation of the trust; having accepted it, he incurred the responsibility of discharging the duties which it imposed.

Motion dismissed.

O’Neall and Harper, Js., concurred.